**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **GAGE PAXTON** | ) | |
| and **MARIA PAXTON**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. **CV 425-067** |
| | ) | |
| **THE UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## <u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>

**COME NOW** Gage Paxton and Maria Paxton, Plaintiffs in the above-styled

action and file this their First Amended Complaint for Damages against Defendant, The

United States of America, showing the following:

### INCORPORATION OF INITIAL COMPLAINT

Plaintiffs hereby incorporate herein by reference all claims, allegations, exhibits,

and prayers for relief previously asserted in, or attached to, her original complaint filed

on or about March 25, 2025.

### AMENDMENT

1.     Plaintiff attaches hereto as Exhibit *"A"* letters dated November 19, 2024,

from the Department of the Army rejecting Plaintiffs' claims for injuries and losses and

directing them to file in the appropriate U.S. District Court for further relief, as

referenced in paragraph 7 of Plaintiff's original complaint.

WHEREFORE, Plaintiffs respectfully request that this Court:

A)      Enter judgment for Plaintiffs and against Defendant on Plaintiffs' claims

        for relief pursuant to the Federal Tort Claims Act;

B)      Award Plaintiffs compensatory damages against Defendant for their

        physical, emotional and financial injuries resulting from

        Defendant's unlawful conduct, in an amount to be proven at trial;

C)      Award attorney fees and costs as allowed pursuant to the Federal Tort

        Claims Act; and,

D)      Grant such further relief as this Court deems just and proper.

This 26th day of March, 2025.

                                        /s/ Jeremy S. McKenzie
                                        Jeremy S. McKenzie
                                        Georgia Bar No. 436655
                                        C. Dorian Britt
                                        Georgia Bar No. 083259

**KARSMAN, McKENZIE & HART**
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile
*Attorneys for the Plaintiffs*

# EXHIBIT "A"



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

November 19, 2024

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Tort Claims Division
25-261-T005


Karsman, McKenzie & Hart
ATTN: C. Dorian Britt
21 West Park Avenue
Savannah, Georgia 31401-5000

Dear Counsel:

   This letter constitutes final administrative action on the claim of your client, Maria Paxton.  The claim was filed against the United States in the amount of $50,089.95 for medical expenses paid on behalf of her minor child, Gage Paxton, related to personal injuries allegedly sustained by Mr. Paxton at the Fort Stewart Commissary on October 11, 2022.  Specifically, this claim alleges that TRICARE disclaimed payment of a medical bill incurred as a result of the October 11, 2022 incident at the Commissary.  She alleges that TRICARE refused to pay for the treatment provided by Memorial Hospital in Savannah because it was provided without the proper transfer.

   While I sympathize with Mr. Paxton's injuries, I must inform you that this claim is denied.  The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, is a limited waiver of sovereign immunity under which the United States may be held liable in circumstances where the negligent acts or omissions of United States government employees acting within the scope of their employment proximately cause injury to a claimant.  Under the FTCA, the government can only be found liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

   Our investigation found no evidence that negligent or wrongful acts or omissions by the United States or its employees acting within the scope of their employment caused your client to sustain injury.  Army Commissaries are run by the Defense Commissary Agency (DeCA), a component of the Department of Defense.  Baggers in DeCA Commissaries, including the Fort Stewart Commissary where Gage Paxton was injured, are self-employed permittees of the Commissary store director.  Unlike what is alleged in the claim, baggers are not volunteers, and as you have appreciated, they are not United States employees, employees of DeCA, nor employees of the installation.  They are also not contractors.

Commissary baggers are not under the control of any United States employee, to include Commissary managers or cashiers. At each installation, the baggers elect a Head Bagger who is responsible for training, scheduling, hiring, firing and disciplining baggers. Our investigation has determined that Mr. Paxton's allegedly negligent instructor (identified by you as an "African American woman") was indeed the Head Bagger. The Head Bagger, like Mr. Paxton, is not a United States employee. Because baggers, including the Head Bagger, are not United States employees, nor are they supervised by United States employees, any negligence of a bagger is not the responsibility of the United States, and this claim is not compensable. Moreover, even if there was negligence by a United States employee, the FTCA prohibits Ms. Paxton's recovery of consequential property damages, including "medical bills resulting from an adverse decision under TRICARE." *Department of Army Pamphlet,* 27-162, paragraphs 2-56 (a), 3-4 (b).

If your client is dissatisfied with the denial of the claim, she may file suit in an appropriate U.S. District Court no later than six months from the date of mailing of this letter, *see* 28 C.F.R. § 14.9(a). Failure to comply with that time limit forever bars the claim. *See* 28 U.S.C. § 2401(b). This notice of final denial should not be construed as a concession by the United States that the claimant has complied with the applicable requirements of 28 U.S.C. § 2675(a) or 28 C.F.R. pt. 14, nor should this be construed as a waiver by the United States of any of its defenses regarding the claim.

Sincerely,

*Michael W. Davis*

Michael W. Davis
Chief, Tort Claims Settlement Division



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

November 19, 2024

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Tort Claims Division
24-261-T062


Karsman, McKenzie & Hart
ATTN: C. Dorian Britt
21 West Park Avenue
Savannah, Georgia 31401-5000

Dear Counsel:

This letter constitutes final administrative action on the claim of your client, Gage Paxton. The claim was filed against the United States in the amount of $3,000,000.00 for personal injuries allegedly sustained by Mr. Paxton at the Fort Stewart Commissary on October 11, 2022. Specifically, the claim alleges that Mr. Paxton was negligently instructed by "an African American woman with commissary" to use a bungee cord to corral shopping carts in the parking lot, and that he sustained injury to his eye when the bungee cord "snapped from the front of the carts."

While I sympathize with Mr. Paxton's injuries, I must inform you that this claim is denied. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, is a limited waiver of sovereign immunity under which the United States may be held liable in circumstances where the negligent acts or omissions of United States government employees acting within the scope of their employment proximately caused injury to a claimant. Under the FTCA, the government can only be found liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Our investigation found no evidence that negligent or wrongful acts or omissions by the United States or its employees acting within the scope of their employment caused your client to sustain injury. Army Commissaries are run by the Defense Commissary Agency (DeCA), a component of the Department of Defense. Baggers in DeCA Commissaries, including the Fort Stewart Commissary where your client was injured, are self-employed permittees of the Commissary store director. Unlike what is alleged in the claim, baggers are not volunteers, and as you have appreciated, they are not United States employees, employees of DeCA nor employees of the installation. They are also not contractors.

Commissary baggers are not under the control of any United States employee, to include Commissary managers or cashiers. At each installation, the baggers elect a Head Bagger who is responsible for training, scheduling, hiring, firing and disciplining baggers. Our investigation has determined that Mr. Paxton's allegedly negligent instructor (identified by you as an "African American woman") was indeed the Head Bagger. The Head Bagger, like Mr. Paxton, is not a United States employee. Because baggers, including the Head Bagger, are not United States employees, nor are they supervised by United States employees, any negligence of a bagger is not the responsibility of the United States, and this claim is not compensable.

If your client is dissatisfied with the denial of the claim, she may file suit in an appropriate U.S. District Court no later than six months from the date of mailing of this letter, *see* 28 C.F.R. § 14.9(a). Failure to comply with that time limit forever bars the claim. *See* 28 U.S.C. § 2401(b). This notice of final denial should not be construed as a concession by the United States that the claimant has complied with the applicable requirements of 28 U.S.C. § 2675(a) or 28 C.F.R. pt. 14, nor should this be construed as a waiver by the United States of any of its defenses regarding the claim.

Sincerely,

*Michael W. Davis*

Michael W. Davis
Chief, Tort Claims Settlement Division